UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MICHELLE URSERY,

        Defendant.
_____/

CRIM CASE NO. 24-20199
HON. JUDITH E. LEVY

## GOVERNMENT'S SENTENCING MEMORANDUM

Beginning in or around September 2014 and continuing until December 2021, Defendant Michelle Ursery defrauded the Social Security Administration (SSA) by intentionally concealing the true state of her living arrangements and household income, in order to obtain $63,092.69 in Supplemental Security Income (SSI) benefits that she would have otherwise been ineligible to receive. She also defrauded the Michigan Department of Health and Human Services (MDHHS) in the same manner to obtain $20,406.02 in Adult Home Help services. Ursery's conduct resulted in a total loss to the federal and state governments, and ultimately the taxpayers, in the amount of $83,498.71.

On September 3, 2024, Defendant Ursery pleaded guilty to one count of misdemeanor Theft of Government Funds; she is now scheduled to appear for

1

sentencing at 10:30 a.m. on January 15, 2025. After due consideration, the Government recommends a sentence of three years' probation with full restitution to the SSA and MDHHS.

## I. Introduction

The United States adopts the timeline of relevant case events, the description of the charge to which Defendant Ursery has pleaded guilty, and the statement of the offense conduct detailed by the Probation Department in the revised Presentence Investigation Report (PSR) dated January 8, 2025.

## II. Calculation of Advisory Sentencing Guidelines

The Probation Department has calculated Defendant Ursery's sentencing guideline range to be 0 to 6 months. (PSR ¶ 47.) This matches the Government's estimate; accordingly, the Government accepts the guidelines calculated by the Probation Department as correct.

## III. The Relevant § 3553 Factors

The task of a court, at sentencing, is to impose a sentence upon a defendant that is, "'sufficient, but not greater than necessary to comply with the purposes,' of section 3553(a)(2)." *United States v. Wilms*, 495 F.3d 277, 281 (6th Cir. 2007) (*quoting United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006)).

### (1) Nature and Circumstances of the Offense and History and Characteristics of Defendant

The Court must consider, in fashioning a sentence, the nature and circumstances of the offense and the history and characteristics of a defendant. 18 U.S.C. § 3553(a)(1).

Defendant Ursery comes before the Court at the age of 52, with a number of health problems of varying severity. Her criminal history is relatively limited, in that it consists of a pair of state misdemeanor convictions in 2022 for similarly defrauding the MDHHS food stamp and Medicaid programs, at or around the same time as the instant offense. The Government acknowledges that these factors might speak in favor of leniency, and they contributed to the Government's decision to recommend a probationary sentence.

Nevertheless, Ursery finds herself before the Court because she lied to the government in order to collect Social Security benefits to which she was not entitled. Ursery knew that she was required to honestly disclose the composition of her household and her household income and resources to the SSA. Instead, she lied to the SSA on multiple occasions about her marital status and living arrangements with her husband, as well as his financial contributions to the household, so that she could continue to receive SSI benefits. She also fraudulently obtained Adult Home Help Services from the MDHHS as part of this same course of conduct. Ursery admittedly knew that what she was doing was

3

wrong, but she lied and took the money anyway. This was not a momentary lapse in judgment, but rather a series of deliberate and conscious choices to steal from the government month after month, year upon year, for over 7 years. Ursery's willingness to lie across multiple government programs to obtain benefits to which she knew she was not entitled should result in some kind of consequence beyond simply a misdemeanor conviction.

### (2) Seriousness of the Offense, Respect for the Law, and Just Punishment

The second factor requires the Court to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. 18 U.S.C. § 3553(a)(2)(A).

The Government believes that the defendant's crime – concealing from and lying to the government about one's marital status, living arrangements, and household income for over 7 years in order to maintain one's continued receipt of government benefits – is a serious one, which is why the defendant finds herself before the Court.

Ultimately, theft from the government is theft from the taxpayers that fund the government. Simply having to pay the money back would not be a "just punishment," but rather a concession that this defendant – for all practical purposes – is entitled to demand a long-term, interest-free loan from her fellow citizens, which will likely never be repaid in full.

That said, as contemplated by the guidelines here, a prison sentence might not be a necessary or appropriate consequence in every case. Nevertheless, some type of punishment is important, lest similarly situated individuals come to believe that it is acceptable or inconsequential to steal from the government. Here, the Government believes that a misdemeanor conviction followed by a probationary sentence could constitute a just punishment.

### (3) Need to Afford Adequate Deterrence & Protect the Public

The sentence imposed must also, "afford adequate deterrence to criminal conduct and […] protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B)-(C).

The United States acknowledges that given the defendant's relatively limited criminal history, any sentence imposed in this case might be sufficient to discourage *her* from engaging in additional criminal conduct.

However, the sentence imposed in this case should also serve to deter *others* who seek profit by stealing from the government. Thousands and thousands of people receive benefits from the SSA and its programs, making the agency an attractive target for fraud and malfeasance. Whatever sentence the Court imposes, it needs to be sufficient to dissuade the public from engaging in misconduct akin to that of the defendant and send a message to other would-be thieves that there are significant consequences for defrauding the SSA.

This factor typically weighs in favor of a prison term, but taking a holistic view of the defendant's history and characteristics, probation is likely a more appropriate sentence.

### (4) Effective Training and Treatment

Additionally, the sentence imposed must, "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D).

There is no indication that the defendant requires or seeks any educational or vocational training. With regard to the defendant's physical health, a sentence that takes into consideration the defendant's medical care is necessary here. The defendant denies having any mental or emotional health concerns. (PSR ¶¶ 38, 64.)

### (5) Kinds of Sentences Available and Sentencing Range

The Court must also consider, "the kinds of sentences available …[and] the kinds of sentences and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the [United States Sentencing] guidelines." 18 U.S.C. §§ 3553(a)(3), 3553(a)(4)(A).

The defendant's offense is a Class A misdemeanor, and the Probation Department's calculation of the sentencing guidelines places her in Zone A of the

sentencing table. Accordingly, under the applicable guideline provision, a sentence of imprisonment is not required here. U.S.S.G. § 5C1.1(b).

### (6) Restitution, Fines, and Forfeiture

Finally, a court must consider whether there is a need to impose restitution to any victims of the defendant's offenses. 18 U.S.C. § 3553(a)(7).

The defendant's crime caused a financial loss to the government; thus, the United States seeks imposition of a mandatory restitution order under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, in the amount of $63,092.69 to the Social Security Administration and $20,406.02 to the Michigan Department of Health and Human Services. In addition to ordering restitution, the Government would ask the Court to adopt the special conditions suggested by the Probation Department in ¶ 73 of the PSR.

## IV. Conclusion

Having considered the guideline range calculated by the Probation Department along with the factors set forth in 18 U.S.C. § 3553(a), the Government recommends a sentence of three years' probation, with whatever other conditions the Court believes would result in a sentence sufficient but not greater than necessary to comply with the purposes stated in 18 U.S.C. § 3553.

The Government further asks that the Court require the defendant to pay the mandatory $25.00 special assessment to the Clerk of the Court, and order her to

7

pay restitution in the full amount of $63,092.69 to the Social Security Administration and $20,406.02 to the Michigan Department of Health and Human Services.

                                                Respectfully Submitted,

                                                DAWN N. ISON
                                                United States Attorney

                                                *s/Corinne M. Lambert*
                                                CORINNE M. LAMBERT
                                                Special Assistant U.S. Attorney
                                                211 W. Fort Street, Suite 2001
                                                Detroit, Michigan 48226
                                                (313) 226-9129
                                                Corinne.Lambert@usdoj.gov

Date: January 8, 2025

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 8, 2025, I filed the foregoing electronically via the CM/ECF system, which will send notification of such filing to counsel of record:

Natasha Webster
613 Abbott Street, Suite 500
Detroit, Michigan 48226
(313) 967-5542
Natasha_Webster@fd.org

A copy was also provided to U.S. Probation Officer Reginald B. King, Jr. via email.

                                        *s/Corinne M. Lambert*
                                        CORINNE M. LAMBERT