UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Cr. No. 24-20199

v.

        Hon. Judith E. Levy

MICHELLE URSERY,

        Defendant.

_____/

**SENTENCING MEMORANDUM ON BEHALF OF MICHELLE URSERY**

**I.**
**Introduction**

    Mrs. Ursery is a 52-year-old woman with serious medical issues who regrettably exercised poor judgment when she took unauthorized funds from the SSI program. For the majority of Mrs. Ursery's life, she has been an upstanding citizen. In 2004 she was diagnosed with a serious medical condition that has steadily progressed. The sentencing guidelines are 0 to 6 months. Mrs. Ursery respectfully requests a sentence of probation. Such a sentence is sufficient but not greater than necessary to punish Mrs. Ursery for her offense.

**II.**
**Law**

    Section 3553(a) directs courts to impose a sentence that is "sufficient, *but not greater than necessary,* to comply with the purposes set forth in paragraph two."

1

Those purposes include: (1) reflecting the seriousness of the offense; (2) promoting respect for the law and providing just punishment; (3) protecting the public; (4) deterrence; and (5) providing the defendant with educational or vocational training, medical care or other correctional treatment in the most effective manner. Under § 3553(a), courts are further directed to consider other factors: (1) nature and circumstances of the offense and history and characteristics of the defendant; (2) need for the sentence imposed; (3) kinds of sentences available; (4) the sentencing guidelines range and any pertinent policy statement; (5) the need to avoid unwarranted sentence disparities among defendants with similar records and criminal conduct; and (6) the need to provide restitution to victims. 18 U.S.C. §3553(a)(1)-(7). When a guideline "does] not exemplify the Commission's exercise of its characteristic institutional role," because the Commission "did not take account of 'empirical data and national experience,'" the sentencing court is free to conclude that the guideline "yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Kimbrough v. United States*, 552 U.S. 85, 96, 109-10 (2007).

### A. <u>The Background and Characteristics of Mrs. Ursery.</u>

Mrs. Ursery was born in the City of Detroit. Although her parents were not married, she spent time with both growing up. She shared that her aunts and grandparents assisted with her upbringing as well and had a very good relationship

with her family. Mrs. Ursery had steady employment with the retail and hotel industry. From approximately 2000 to 2004, prior to her diagnosis, she worked as an after-school counselor for a middle school in Detroit. See PSR at ¶ 42. By all reports, Mrs. Ursery is supported and loved by her family.

### B. The Need To Provide Mrs. Ursery with Medical Treatment Would Be Best Served in the Community Given Her Serious Medical Conditions.

As indicated in the PSR, Mrs. Ursery has a serious medical condition. In 2004, Mrs. Ursery was diagnosed with a serious medical condition. See PSR at ¶37. Mrs. Ursery is currently treated in the community. Recently, Mrs. Ursery was informed that she would need to have a MRI completed due to progression of the condition. Additionally, she also needs to remain under the care of her doctor after having recently had surgery for cancer. A sentence that allows her to continue her treatment in the community would satisfy the goals of 3553(a).

According to a Department of Justice Report, issued in May of 2015, "BOP institutions lack appropriate staffing levels to address the needs of an aging inmate population and provide limited training for this purpose." See U.S. Justice Dept. Report (May 2015) The Impact of An Aging Prisoner Population on the Bureau of Prisons.[1] Critically, the study found that the increasing population of aging inmates

---

[1] https://oig.justice.gov/reports/2015/e1505.pdf.

has resulted in a need for increased trips outside of institutions to address their medical needs but that institutions lack Correctional Offices to staff these trips and have limited medical staff within institutions. "Aging inmates are more costly to incarcerate primarily due to their medical needs." Moreover, wait times for treatment in outside prison hospitals is unacceptably long. "For example, using BOP data from one institution, we found that the average wait time for inmates, including aging inmates, to be seen by an outside medical specialist for cardiology, neurosurgery, pulmonology, and urology to be 114days." *Id*. Unfortunately, many of these challenges continue to exist in the BOP given its shortage of staff.[2]

### C. The Need To Deter, Protect the Public and Punish Mrs. Ursery Can Be Accomplished with a Sentence of Probation.

Mrs. Ursery fully accepts responsibility for her conduct and understands the very serious nature of the offense. Mrs. Ursery is at the age where she is unlikely to recidivate. Data from the Sentencing Commission shows that recidivism rates drop significantly as a person ages. There is nothing in her past or even in the current situation that would indicate that she will break the law again or that society must be protected from her with incarceration. Given Mrs. Ursery's age and medical condition, she is unlikely to find herself in a situation in which she is facing the loss of her liberty.

---

[2] See Lawmakers Push for Federal Prison Overcite After Reports of Inadequate Medical Care https://www.npr.org/2023/12/12/1218627629/lawmakers-push-for-federal-prison-oversight-after-reports-of-inadequate-medical (last visited Jan. 9, 2025)

Mrs. Ursery's reduced risk of recidivism, whether recognized on the basis of the life she has led or her age, directly fits within the requirement of 18 U.S.C. § 3553(a)(2)(c) that courts impose sentences that "will protect the public from the further crimes of the defendant." The message of both specific deterrence and general deterrence can be shown with a probationary sentence. During the pendency of her case, she has complied with her pretrial release conditions, attended her court dates, and avoided further contact with the criminal justice.  Significantly, Mrs. Ursery has shown that she can be supervised.

### III.
### Conclusion

Considering all of the factors and circumstances, Mrs. Ursery respectfully requests that the Court impose a sentence of probation.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER OFFICE**
/s/ Natasha Webster
Counsel for Mrs. Ursery
 613 Abbott Street, Suite 500
Detroit, Michigan  48226
313-967-5847
Natasha_Webster@fd.org

Date: January 10, 2025

## **CERTIFICATE OF SERVICE**

      I certify that on January 10, 2025 the foregoing document was served through the ECF system upon AUSA Corinne M. Lambert and USPO Reginald B. King Jr. at Reginald_King@miep.uscourts.gov.